THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER FACEY,

    Plaintiff,

v.

MICHAEL S. REGAN, ADMINISTRATOR,
U.S. ENVIRONMENTAL PROTECTION
AGECNCY,

    Defendant.

Case: 1:22-cv-03145 JURY DEMAND
Assigned To : McFadden, Trevor N.
Assign. Date : 10/17/2022
Description: Employ. Discrim. (H-DECK)

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, together with 42 U.S.C., sections 2000e-5 and 2000e-16. Specifically, this is a complaint stating a cause of action under Title VII of the Civil Rights Act of 1964, as amended, and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. alleging discriminatory treatment of the Plaintiff in his employment with the Defendant on the basis of his disability, including Defendant's failure to accommodate it, race, gender and as retaliation for his participation in EEO activities and/or his opposition to discriminatory practices.

### VENUE

2. The venue of this Court to entertain this cause of action is appropriate by virtue of 42 U.S.C. section 2000e-5(f) insofar as all of the events central to the action occurred within this judicial district.

**RECEIVED**

OCT 17 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## THE PARTIES

3.  At all times relevant to this action, the Plaintiff, Lester Facey, Ph.D., was employed by the headquarters office of the EPA in Washington, D.C..

4.  The United States Environmental Protection Agency (hereinafter "the EPA") is an administrative agency of the United States Government with its principal offices in Washington, D.C.  Michael S. Regan is the Administrator of the EPA and is named in his capacity as head of that agency.

## ADMINISTRATIVE PROCEEDINGS

5.  This action comprises four cases of discrimination brought by the Plaintiff that were processed administratively by the EPA.  Central to each are the Plaintiff's charges that he was subjected to discriminatory conduct by his managers.  On July 13, 2018, the Plaintiff filed a formal complaint of discrimination with the EPA.  The case was assigned EPA case number 2018-0121-HQ and was processed administratively.  The EPA issued a final agency decision for the case on July 22, 2022.

On August 23, 2019, the Plaintiff filed a formal complaint of discrimination with the EPA.  The case was assigned EPA case number 2019-0116-HQ and was processed administratively with a final agency decision issued on August 10, 2022.

On November 11, 2019, the Plaintiff filed a formal complaint of discrimination with the EPA.  The case was assigned EPA case number 2019-0123-HQ and was processed administratively with a final agency decision issued on September 7, 2022.

On October 19, 2020, the Plaintiff filed a formal complaint of discrimination with the EPA.  The case was assigned EPA case number 2020-0095-HQ and was processed administratively with a final agency decision issued on August 17, 2022.

This action is timely brought insofar as it has been commenced within 90 days of

issuance of the final agency decisions for the four administrative cases referenced above.

## THE CONTROVERSY

6. For his cause of action against Michael S. Regan, in his capacity as Administrator of the EPA, the Plaintiff states as follows:

EPA case number 2018-0121-HQ

7. The. Plaintiff had worked for years for the EPA as a Program Analyst within the agency's headquarters Diversity Recruitment Employee Services Division (DRESD). He had filed a formal administrative discrimination complaint against his managers in 2017 and during the administrative processing of his case, provided a rebuttal to his managers' investigative affidavits responsive to his discrimination charges. He was a member of the bargaining unit and his union representative provided him with information he used in his rebuttal. His managers were aware of this. On March 4, 2018, shortly after he provided that rebuttal affidavit, his managers notified him that he had been reassigned as a Human Resources Specialist, a position that did not have union membership rights. He therefore would no longer have representation or assistance from the union.

8. In 2017 the EPA's reasonable accommodations personnel determined that the Plaintiff is an individual with a disability warranting accommodations in the workplace. He therefore requested from his manager accommodations, including an altered office schedule. In January of 2018 the manager denied his requested accommodation.

9. During this time, the Plaintiff openly complained to his managers that they were discriminating against him, including retaliating against him for having filed discrimination charges against them.

10. During the spring and summer of 2018, the Plaintiff's managers refused to permit him to apply for career-enhancing opportunities, including the Embassy Science Fellowship offered by the State Department, the Legis Fellowship Institute and internships.

11. Further, during this time, the Plaintiff's managers excessively and inappropriately scrutinized and criticized his performance.

### EPA case number 2019-0116-HQ

12. On June 11, 2019, the Plaintiff's managers, aware of his protected activity, including his requests for reasonable accommodations, formal EEO activity and open informal complaints that he was being subjected to discrimination and retaliation by them, removed him as DRESD's liason for the Black Employment Action Committee and the DRESD's liason for Historically Black Colleges and Universities.

13. Three days later, on June 13, 2019, those same managers denied the Plaintiff the opportunity to participate in the 2019-2020 Embassy Science Fellows Program.

14. On June 18, 2019, the Plaintiff's managers denied him the opportunity to apply for the 2019-2020 Presidential Management Council Interagency Rotation Program.

15. On June 20, 2019, the Plaintiff's managers refused to permit him to attend the Society for Human Resources Management conference. This conference as well as the programs identified in the preceding two paragraphs represented career-enhancing opportunities for him.

EPA case number 2019-0123-HQ

16. In an effort to move away from managers he believes created a discriminatory, hostile work environment for him, the Plaintiff applied for numerous positions within the EPA's headquarters. However, he was rejected for all of them and believes he had been blacklisted due to his opposition to his managers' discriminatory conduct. When he sought to learn the reasons why he was not selected or even deemed eligible for consideration for selection to the positions for which he applied, he was offered nonsensical rationale, including that he was not an EPA employee or that he lacked the educational requirements for the job. These assertions were not true.

The positions for which he applied and was rejected include job announcement numbers CI-OMS-MP-2019-0021; CI-OW-MP-2019-0029; CI-OARM-MP-2018-0067; RTP-OAR-MP-2018-0008; and CI-OARM-MP-2018-0087.

EPA case number 2020-0095-HQ

17. On August 21, 2020, aware of the Plaintiff's formal EEO activity and his ongoing informal protests that he was being subjected to discriminatory treatment by his managers, those managers again denied him the opportunity to apply to participate in the 2021 LEGIS fellowship program.

18. On September 15, 2020, his supervisor threatened him with discipline, up to removal, for reaching out to discuss a veteran's matter with a senior manager. There was nothing inappropriate about what he had done and others outside his race (African descent) had done the same thing without receiving such a warning or threat of discipline.

## CAUSES OF ACTION
### COUNT I

19. The Plaintiff incorporates by reference the averments of paragraphs six

through eighteen as though fully set forth at length herein.

20. The Defendant has unlawfully discriminated against the Plaintiff on the basis of retaliation for his prior EEO activity and/or opposition to discriminatory conduct on the part of EPA managers in violation of Title VII of the Civil Rights Act of 1964.

21. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## COUNT II

22. The Plaintiff incorporates by reference the averments of paragraphs six through eighteen as though fully set forth at length herein.

23. The Defendant has unlawfully discriminated against the Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964.

24. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## COUNT III

25. The Plaintiff incorporates by reference the averments of paragraphs six through eighteen as though fully set forth at length herein.

26. The Defendant failed to accommodate the Plaintiff's disabilities in violation of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

27. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## COUNT IV

28. The Plaintiff incorporates by reference the averments of paragraphs six through eighteen as though fully set forth at length herein.

29. The Defendant, EPA, has unlawfully discriminated against the Plaintiff on the basis of his disabilities in violation of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

30. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## COUNT V

31. The Plaintiff incorporates by reference the averments of paragraphs six through eighteen as though fully set forth at length herein.

32. The Defendant, EPA, through the agency's managers caused the Plaintiff to work in a hostile work environment as a result of the discriminatory conduct alleged herein.

33. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## DEMAND FOR RELIEF

34. The Plaintiff respectfully demands the following relief from the Defendant, Michael S. Regan, in his capacity as the Administrator of the EPA:

    a. Enter a declaratory judgment determining that the Plaintiff suffered discrimination as alleged in Counts I, II, III, IV and V;

    b. Award compensatory damages to the Plaintiff;

    c.    Assess against the Defendant the costs and expenses incurred by the Plaintiff in maintaining this proceeding, together with reasonable attorney's fees incurred by him in prosecuting it; and

    d.    Any and all relief to which the Plaintiff may be entitled.

## JURY DEMAND

The Plaintiff demands trial by jury on all issues raised herein.

_____
Lester Facey, Ph.D.

October 17, 2022

Dear Clerk,

I am filing a complaint for a new case. My contact information is as follows:

    Lester C. Facey, Ph.D.
    29 Coolpond Ct.
    Halethorpe Md. 21227
    917-447-6692
    Lc_facey@yahoo.com

Thank you.

*Lest C. Facey*
Dr. Lester C. Facey